By the Court.
Section 7264, Revised Statutes, at the time of the Coit trial read as follows: “When the venue is changed, the clerk of the county in which the indictment was found shall make a certified transcript of all the proceedings in the case, which together with the original indictment, he shall transmit to the clerk of the court of the county to which the case is sent, and the trial shall be conducted in all respects as if the indictment had been found in that county. The prosecuting attorney of the county in which the indictment was found shall take charge of and try the. case; and the court, on application, may appoint one or more attorneys to assist him in the trial, and allow such compensation as it deems reasonable; and the costs accruing from a change of venue, including the compensation of the attorneys appointed to assist the prosecuting attorney, and the reasonable expenses of the prosecuting attorney incurred in consequence of such change of venue, shall be allowed and paid by the commissioners of the county in which such indictment was found.”
The relator claims that under this section three items of expense on account of change of venue must be borne by the county in which the indictment was found: (1) The costs of the case, (2) the compensation of the assistant prosecutor, and (3) the reasonable expenses of the prosecuting attorney. That the first and third of these items must be submitted to the board of county commissioners and allowed before payment. So far he *484 is right. But he contends further that the second item is not required to be allowed by the commissioners, but must be paid by them upon the allowance made by the court.
This last contention is not tenable. The statute treats the compensation of the assistant prosecutor as costs, and the allowance is made to him by the court so as to fix the amount of his compensation at a definite sum so that it may be carried into the cost bill, and then all costs, including his com pensation, are certified to the county where the indictment was found; and then the whole matter of costs, including his compensation and the expenses of the prosecuting attorney, must be submitted to the board of county commissioners for consideration and correction, and when the board is satisfied that the amounts are reasonable and just, it is its duty to allow and pay the same. If the commissioners think any of the items too large they have the right and power to reduce the same before allowance and payment.
The allowance made by the court is not binding or conclusive as to the commissioners, but is only for their information as to the court’s opinion as to the value of the services rendered, and to so fix the amount as to enable the clerk to make out and certify the costs. The court allows the compensation, the statute makes the compensation a part of the costs, and the commissioners then allow and pay the costs, and also expenses of the prosecuting attorney.
The circuit court erred in reversing the judgment of the common pleas, and the judgment of the circuit court will be reversed, and that of the common pleas affirmed. Judgment revended.
Williams, J., did not sit in this case.